STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS KAPHAN (LOUIS KAPLAN), PLAINTIFF IN ERROR.

Argued May 5, 1926—Decided November 11, 1926—Filed January 5. 1927.

Crimes—Writs of Error—Prosecution—Reinstatement—Writ of Error Not Perfected and on Motion Dismissed—Defendant Became Fugitive From Justice—Upon Motion to Reinstate, Court Held That it is Impossible Where Defendant Cannot Be Made to Respond to Any Judgment the Court Might Enter.

On motion to reinstate writ of error.

Before Justices KALISCH and KATZENBACH.

For the plaintiff in error, *William A. Kavanagh.*

For the defendant in error, *Albert H. Holland.*

PER CURIAM.

Louis Kaphan (Louis Kaplan) was indicted by the grand jury of the county of Morris for breaking and entering. The indictment was tried. Kaphan was convicted. He took a writ of error to this court. The plaintiff in error did not perfect the record. A notice by the prosecutor of the pleas for the county of Morris was given to the counsel for the plaintiff in error that on May 28th, 1925, he would move before this court to dismiss the writ of error. On that day the motion was laid over until June 1st, to afford the plaintiff in error an opportunity to perfect the record. The record was not perfected. On June 1st, no one appearing for the plaintiff in error, and no further explanation being given of the failure to perfect the record, the writ of error was dismissed. After the dismissal of the writ of error Kaphan was sought. He could not be found. On June 5th, 1925, his bail was forfeited. Since that date he has been a fugitive from justice. This was admitted in open court on the hearing of this motion.

There is also documentary evidence in the form of affidavits to support this contention.

Counsel for Kaphan appealed the order dismissing the writ of error to the Court of Errors and Appeals. On February 8th, 1926, the Court of Errors and Appeals, on a motion to strike out the state of the case, dismissed the writ of error. The order of the Court of Errors and Appeals directed that the record and proceedings be remitted to this court without prejudice to the plaintiff in error to apply to this court to reinstate the writ of error. The plaintiff in error has moved to reinstate the writ of error. This motion is resisted by the prosecutor of the pleas of Morris county. He takes the position that an appeal will not be heard while the plaintiff in error is a fugitive from justice. We consider this position well taken. In the case of *Smith* v. *United States,* 94 *U. S.* 97 (24 *L. Ed.* 32), it was held that it was within the discretion of the court to refuse to hear a criminal case in error unless the convicted party suing out the writ is where he can be made to respond to any judgment the court might render. A number of cases to this effect may be found in 15 *Cent. Dig.,* under the *tit.* "*Criminal Law,*" §§ 2971, 2979, and also in 8 *Crim. L.* (*2d Dec. Dig.*), § 113.

The motion to reinstate the writ of error is denied.